# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PEARL O. MADRIAL | |
| *Plaintiff* | Case # 5:23-CV-00372-FL |
| v. | |
| MERRICK GARLAND | MOTION FOR PRELIMINARY INJUNCTION and MEMORANDUM IN SUPPORT |
| *Defendant* | |

## MOTION FOR PRELIMINARY INJUNCTION

AND NOW COMES, Plaintiff, Pearl O. Madrial, *pro se*, and respectfully moves this Honorable Court for a Preliminary Injunction against Merrick Garland, United States Attorney General, and states as follows:

1. Pearl O. Madrial (hereinafter referred to as "Plaintiff") is an adult citizen of the United States of America who resides at 428 Swans Mill Xing, Raleigh, North Carolina 27614.

2. Plaintiff is an active registered North Carolina voter who resides within North Carolina Congressional District 02 and is eligible to vote in all federal elections.

3. Defendant Merrick Garland is the current United States Attorney General, appointed by the President of the United States Joseph Biden, and with the consent of the United States Senate serves under the United States Constitution.

4. 18 U.S. Code § 594 makes it illegal for "Whoever" to coerce an American citizen or attempt to coerce an American citizen for the purpose of interfering with the right of such other person to vote or to vote as he may choose, or of causing such other person to vote for, or not to vote for, any candidate for the office of President.

5. On November 18, 2022, Defendant Merrick Garland, by Order # 5559-2022, (hereinafter referred to as "the Order") purported to appoint Jack Smith as Special Counsel for the United States Department of Justice.

6. The Defendant claims that the purported appointment is authorized under, inter alia, 28 U.S.C. §§ 509, 510, 515 and 533, in "order to discharge my responsibility to provide supervision and management of the Department of Justice , and to ensure a full and thorough investigation of certain matters,…"

7. The Defendant stated via a Press Release on November 18, 2022, that "Based on recent developments, including the former President's announcement that he is a candidate for President in the next election and

the sitting President's stated intention to be a candidate as well, I have concluded that it is in the public interest to appoint a special counsel."

8. 28 C.F.R. 600.1 states that the grounds for appointment of a special counsel is "when the Attorney General determines that criminal investigation of a person or matter is warranted and—**(a)** That investigation or prosecution of that person or matter by a United States Attorney's Office or litigating Division of the Department of Justice would present a conflict of interest for the Department or other extraordinary circumstances; and **(b)** That under the circumstances, it would be in the public interest to appoint an outside Special Counsel to assume responsibility for the matter."

9. The Defendant did not state in the Order that the investigation or prosecution of Donald Trump would present a conflict of interest, nor did he state in specificity any "other extraordinary circumstances."

10. The Defendant did not state in the Order what specific circumstances existed that made him determine that the public interest mandated the appointment of a special counsel.

11. Although the Defendant apparently relied upon 28 C.F.R. 600.1 et seq., under the Appointments Clause of the United States Constitution, Article II, Section 2, Clause 2, a regulation cannot create an office to be filled by a constitutional "Officer of the United States" that is not authorized by statute.

12. The Defendant had no power to lawfully create the Special Counsel and to appoint a private citizen to that office and to grant to that private citizen all of the powers of the Attorney General, or of a Presidentially appointed, Senate -consented United States Attorney.

13. None of the statutes that the Defendant cited as authority for the appointment of Special Counsel actually granted him that authority.

14. Neither the United States Constitution nor Congress, by Law, has delegated to the United States Attorney General the power to create inferior officer special counsels—or inferior officer Solicitors General or inferior officer United States attorneys—who do anything more than "assist" United States attorneys on specific matters calling for outside expertise.

15. All offices in the government of the United States that are not constitutionally mandated must be created by law and Congress has the exclusive constitutional power to create federal offices.

16. Under the Appointments Clause, the law that establishes the office must be a statute because a regulation does not constitute the kind of law that can create an office, particularly the position of Special Counsel.

17. Congress has not passed a statute creating the position of Special Counsel.

18. The officer, Special Counsel, is, under the Appointment Clause, a superior officer who must be appointed by the president with the advice and consent

of the United States Senate and can only lawfully act if appointed by the President with the advice and consent of the United States Senate.

19. Section 509 of Title 28 contains no explicit statutory language creating an office or authorizing the Attorney General to appoint private persons like Jack Smith to be officers of the United States to whom the Attorney General can delegate prosecutorial authority.

20. Section 515(a) is not a grant of power to appoint private citizens to become special counsels.

21. Section 515(b) is phrased in the past tense and refers to hires that have already been made.

22. Jack Smith is not part of a task force run by U.S. Attorneys and is not assisting a U.S. Attorney by providing special expertise in, for example, organized crime or antitrust law.

23. Jack Smith functions as a freestanding officer within the Department of Justice and there is no statutory authorization for such a position.

24. The Plaintiff's right to vote for the leading Republican candidate for President of the United States is being suppressed by an admittedly political decision by the Defendant to appoint a Special Counsel.

25. The Defendant is using coercion that involves making an illegal admittedly political appointment of a Special Counsel to set in motion a set of forceful

actions which violate the Plaintiff's freedom to vote for the candidate of her choice in order to induce a desired response... that the Defendant's superior will prevail in an unfair and unfree election for President of the United States, or that her choice will not even be able to mount a challenge to the Defendant's superior.

26. Without this injunction, the continued illegal and unsanctioned actions by the Defendant's unlawfully appointed Special Counsel will cause irreparable harm to the Plaintiff's right to vote unencumbered by the unconstitutional actions of the Defendant and that harm cannot be undone by monetary remedies.

27. The loss by the Plaintiff of her right to vote unfettered by the unconstitutional actions of the Defendant far outweighs the right of the Defendant to unilaterally appoint Officers of the United States without Senatorial consent and no harm shall befall upon the Defendant personally, or to the office that he holds, to be stopped from committing unconstitutional and illegal acts.

28. To have the actions of the Defendants to be declared unconstitutional by this Honorable Court does no harm to the public interest, and, in fact, supports the ideals of democracy contained within the Appointments Clause of the United States Constitution. It is in the public interest to have the Defendant

uphold the laws of the Constitution and established by Congress pursuant to the Constitution and to seek Senatorial consent for the appointment of any Officers of the United States where Congress has not created a statute so enabling. The public is served when the law is followed.

29. As argued in the Memorandum in Support, the Plaintiff has a substantial likelihood of success on the merits in that it is likely that the appointment by the Defendant may have violated the Appointment Clause of the United States Constitution. There is at least the presence of a serious legal question on the merits.

30. The Plaintiff respectfully requests that a bond of $1 security or in such other amount be set that the court considers proper to pay the costs and damages sustained by the Defendant if found to have been wrongfully enjoined or restrained.

WHEREFORE, for the foregoing reasons, this Honorable Court should grant the preliminary injunction.

Respectfully submitted,

/s/ Pearl O. Madrial, *pro se*   07/11/2023
428 Swans Mill Xing
Raleigh, North Carolina 27614.